UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE


<u>Rachael K. Brown</u>

    v.                                               Civil No. 15-cv-323-AJ
                                                 Opinion No. 2016 DNH 010
<u>HCA Health Services of</u>
<u>New Hampshire, Inc.</u>


**O R D E R**

Rachael K. Brown ("plaintiff") filed this action against her former employer, HCA Health Services of New Hampshire, Inc. ("HCA" or "defendant"), asserting various claims arising out of her termination by the defendant in July 2015.  Before the court is the defendant's partial motion to dismiss.  Doc. no 4.  For the reasons that follow, the defendant's motion is granted in part and denied in part.


**<u>Background</u>**

Accepting the factual allegations set forth in the plaintiff's complaint as true, doc. no. 1, the relevant facts are as follows:

The defendant owns and operates the Portsmouth Regional Hospital ("Hospital"), located in Portsmouth, New Hampshire. Compl. ¶ 2, Doc. No. 1.  In 2005, the plaintiff was hired by the defendant.  <u>Id.</u> ¶ 5.  Throughout her employment, the plaintiff

served as Executive Assistant to the Chief Executive Officer of the Hospital. Id.

The plaintiff suffers from various health conditions, including Graves' disease, carpal tunnel syndrome, and degenerative rheumatoid arthritis. Id. ¶ 13. Despite these impairments, the plaintiff continued to perform the essential functions of her work. Id.

In the spring of 2015, the plaintiff was told that she would have to undergo surgery to treat the medical conditions affecting her right hand. Id. ¶ 14. After surgery, the plaintiff would need twelve weeks to recover. Id. In April 2015, the plaintiff informed the defendant she needed to take a leave of absence in the summer of 2015. Id.

In June 2015, just prior to the plaintiff applying for twelve weeks of leave under the Family and Medical Leave Act ("FMLA"), the defendant notified her that it was terminating her employment effective July 2, 2015. Id. ¶ 15. Prior to the defendant's notice, the plaintiff was not aware that her employment was in jeopardy. Id. ¶ 17. The plaintiff had never been previously disciplined, and, in fact, had received multiple positive performance reviews. Id.

Yet, relying on the advice of the Hospital's CEO and Vice President of Human Resources, the plaintiff proceeded with her application for FMLA leave. Id. ¶ 18. The defendant's short-

term disability and leave administrator advised the plaintiff that if she qualified for FMLA leave, the defendant had to reinstate her "to the same or an equivalent job with the same pay, benefits and terms and condition of employment on [her] return from FMLA-protected leave." Id. ¶ 19. Soon after, the plaintiff was informed that the defendant had "approved [her] leave under the [FMLA] from June 17, 2015, through September 8, 2015." Id. ¶ 20.

However, contrary to the representations made by the defendant's short-term disability and leave administrator, the plaintiff was still terminated on July 2, 2015. Id. ¶ 21.

On August 18, 2015, the plaintiff filed this action. Doc. no. 1. The complaint contains four counts against the defendant: (I) violation of the Fair Labor Standards Act; (II) interference of the plaintiff's rights under the FMLA; (III) interference of the plaintiff's rights under the Employee Retirement Income Security Act ("ERISA"); and (IV) wrongful discharge. Id.

## **Standard of Review**

Under Federal Rule of Civil Procedure 12(b)(6), the court must accept the factual allegations in the complaint as true, construe reasonable inferences in the plaintiff's favor, and "determine whether the factual allegations in the plaintiff's

3

complaint set forth a plausible claim upon which relief may be granted." Foley v. Wells Fargo Bank, N.A., 772 F.3d 63, 71 (1st Cir. 2014) (citation and quotation marks omitted). A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). Analyzing plausibility is "a context-specific task" in which the court relies on its "judicial experience and common sense." Id. at 679.

## Discussion

The defendant moves to dismiss Counts II, III, and IV of the plaintiff's complaint. Doc. no. 4. The court examines each count in turn.

### I. Count II: FMLA Interference

The defendant argues that the complaint fails to sufficiently allege whether the plaintiff notified her employer of her intention to seek FMLA leave, a required element of an FMLA claim. Specifically, the defendant claims that, although the plaintiff alleges to have provided notice on two occasions, the "first notice [was] vague and conclusory, and the second notice was untimely as a matter of law." Doc. no. 4-1 at 8. In her objection, the plaintiff asserts that the complaint adequately alleges a prima facie case for an FMLA interference

4

claim.

"[T]he FMLA makes it unlawful for 'any employer to interfere with, restrain, or deny the exercise of' any FMLA-protected right." Carrero-Ojeda v. Autoridad de Energía Eléctrica, 755 F.3d 711, 722 (1st Cir. 2014) (quoting 29 U.S.C. § 2615(a)(1)). To make a prima facie case of FMLA interference, an employee must show that:

> (1) she was eligible for the FMLA's protections; (2) her employer was covered by the FMLA; (3) she was entitled to leave under the FMLA; (4) she gave her employer notice of her intention to take leave; and (5) her employer denied her FMLA benefits to which she was entitled.

Id. at 722 n.8.

Here, the complaint alleges enough facts to state an FMLA interference claim. Accepting the factual allegations set forth in the plaintiff's complaint as true, the defendant was covered by the FMLA and the plaintiff was entitled to leave. Compl. ¶¶ 19-20. Further, the plaintiff exercised her FMLA rights by making multiple leave requests under the FMLA. Id. ¶¶ 14-23. However, just before applying for leave, she was notified that her employment was terminated, effectively denying her FMLA benefits. Id. ¶¶ 14-15, 34-35.

Therefore, viewing the complaint holistically, the plaintiff has plausibly alleged that her termination was triggered by her leave request and that it resulted in the

5

denial of FMLA rights to which she was entitled when she requested leave.  Carrero-Ojeda, 755 F.3d at 720 (holding that temporal proximity between a request for FMLA leave and termination "is one factor from which an employer's bad motive can be inferred . . . ."). Further, "[i]n alleging that she received positive performance reviews . . . and had no warning she was about to be fired, the . . . [c]omplaint permits the inference that [the plaintiff] would not have been terminated—that is, the reasons given for termination were pretextual—except to deny her FMLA benefits." Reilly v. Cox Enters., Inc., No. CA 13-785S, 2014 WL 4473772, at *5 (D.R.I. Apr. 16, 2014); Comp. ¶ 17.

    The court acknowledges the defendant's concern of whether the plaintiff provided adequate or timely notice to her employer.  That issue, however, better lends itself to resolution at a later stage when the parties will have had the opportunity to present the court with a more comprehensive factual record.

    Therefore, the defendant's motion as to Count II is denied.

## II.  Count III: ERISA Interference

    Similar to its argument to dismiss the plaintiff's FMLA interference claim, the defendant argues that the plaintiff's ERISA interference claim fails to sufficiently allege whether the plaintiff notified her employer of her intention to seek

6

ERISA benefits.  In addition, the defendant argues that the complaint fails to allege any plausible basis that the plaintiff's employer intended to interfere with her ERISA benefits.  In her objection, the plaintiff again contends that the complaint adequately alleges a prima facie case for ERISA interference.

"Section 510 of ERISA prohibits . . . discharge for the purpose of interfering with the attainment of rights under an employee benefit plan." Cameron v. Idearc Media Corp., 685 F.3d 44, 48 (1st Cir. 2012) (citing 29 U.S.C. § 1140).  "[T]o establish a prima facie case under section 510, a plaintiff must present sufficient evidence from which the employer's specific intent to interfere with the plaintiff's benefits can be inferred." Barbour v. Dynamics Research Corp., 63 F.3d 32, 38 (1st Cir. 1995).  "Thus, a plaintiff must show that he or she (1) is entitled to ERISA's protection, (2) was qualified for the position, and (3) was discharged under circumstances that give rise to an inference of discrimination." Id.

At this early stage, the plaintiff has alleged enough facts to state an ERISA interference claim.  First, the complaint attaches two exhibits demonstrating that the plaintiff was a member of an ERISA plan.  Docs. 1-1, 1-2.  Next, the complaint alleges that she was qualified for her position based on multiple positive performance reviews.  Compl. ¶ 17.  Lastly,

the complaint alleges that circumstances that give rise to an inference of discrimination occurred when, just before she applied for FMLA leave, she was notified that her employment was terminated.  Id. ¶ 15.

The questions of whether the plaintiff's notice was proper or if there is any plausible basis that the plaintiff's employer intended to interfere with her ERISA benefits should be resolved on a properly developed summary judgment record, rather than at this early stage in the proceedings.  See Barbour, 63 F.3d at 37 ("In most cases, given that the employer controls the evidence related to intent, a plaintiff will be unable to adduce 'smoking gun' evidence that the employer intended to interfere with his or her benefits.").

The defendant's motion as to Count III is denied.

### III. **Count IV: Wrongful Discharge**

As to the plaintiff's wrongful discharge claim, the defendant first argues that because the complaint does not identify whether the plaintiff performed an act encouraged by public policy, her wrongful discharge claim fails as a matter of law.  Second, the defendant argues that the plaintiff's wrongful discharge claim is preempted by the FMLA.  Specifically, the defendant contends that because the FMLA provides a remedy for retaliation, it preempts any common-law wrongful discharge claims based on the same alleged conduct.

The plaintiff argues that the complaint sufficiently alleges that she performed an act encouraged by public policy by reporting her intent to exercise FMLA leave. In addition, the plaintiff asserts that a common-law wrongful discharge claim and a federal statutory FMLA claim may be pursued simultaneously.

To succeed on a wrongful discharge claim, the plaintiff must "establish that: (1) h[er] termination was motivated by bad faith, retaliation or malice; and (2) that [s]he was terminated for performing an act that public policy would encourage or for refusing to do something that public policy would condemn." MacKenzie v. Linehan, 158 N.H. 476, 480 (2009) (citing Lacasse v. Spaulding Youth Ctr., 154 N.H. 246, 248 (2006)).

Even if the complaint facially satisfies the elements of a wrongful discharge claim, it "cannot rest on violation of a public policy for which there is a preempting statutory remedy." See Weeks v. Wal-Mart Stores, Inc., No. 10-CV-336-JD, 2010 WL 3703254, at *2 (D.N.H. Sept. 16, 2010); see also Keele v. Colonial Imports Corp., No. 12-CV-24-JD, 2012 WL 1000387, at *2 (D.N.H. Mar. 23, 2012) ("[A]bsent preemption, an alternative statutory remedy does not preclude a wrongful discharge claim under New Hampshire law.").

The FMLA provides statutory remedies for interference of employees' rights under the FMLA. 29 U.S.C. § 2617(a)(2). "[I]t is generally accepted that Congress intended the FMLA's

9

specific remedies to be the exclusive remedies available for a violation of the FMLA." See, e.g., Anderson v. Shade Tree Servs., No. 4:12CV01066 ERW, 2012 WL 3288120, at *1 (E.D. Mo. Aug. 10, 2012) (collecting cases); Cisneros v. Colorado, No. CIV.A.03CV02122WDMCB, 2005 WL 1719755, at *10 (D. Colo. July 22, 2005) (collecting cases); O'Hara v. Mt. Vernon Bd. of Educ., 16 F. Supp. 2d 868, 894 (S.D. Ohio 1998).

Accordingly, "a plaintiff may not assert a state law claim for wrongful discharge in violation of public policy based solely on the rights set forth in the FMLA." Cavin v. Honda of Am. Mfg., Inc., 138 F. Supp. 2d 987, 998 (S.D. Ohio 2001) (emphasis added); see, e.g., Kastor v. Cash Exp. of Tenn., LLC, 77 F. Supp. 3d 605, 615 (W.D. Ky. 2015) (collecting cases); McAllister v. Quality Mobile X-Ray Servs., No. 3:12-CV-0078, 2012 WL 3042972, at *5 (M.D. Tenn. July 25, 2012); Johnson v. Dollar Gen., 778 F. Supp. 2d 934, 949 (N.D. Iowa 2011); Bumgarner v. Grafco Indus., 581 F. Supp. 2d 1052, 1059 (S.D. Iowa 2008); Johnson v. Honda of Am. Mfg., 221 F. Supp. 2d 853, 859 (S.D. Ohio 2002); Cooper v. Harbour Inns of Baltimore, Inc., No. L-98-2173, 2000 WL 351373, at *8 (D. Md. Mar. 20, 2000); Kiely v. Univ. of Pitt. Med. Ctr., No. 98-1536, 2000 WL 262580, at *20 (W.D. Pa. Jan. 20, 2000); Phelan v. Town of Derry, No. 98-013, 1998 WL 1285898, at *2 (D.N.H. Dec. 9, 1998).

In her surreply, the plaintiff cites <u>Danfelt v. Bd. of Cty. Comm'rs of Washington Cty.</u>, 998 F. Supp. 606 (D. Md. 1998), to briefly argue that the FMLA's "savings clause . . . fails to evince an intent to pre-empt completely . . . ." <u>Id.</u> at 611. Yet,

> there is a vast difference between a case in which a claim based a violation of the FMLA is joined with a claim based on another federal or state statute that has its own provisions for enforcement and remedies, and a case in which a claim based on a violation of the FMLA is joined with a claim that is also based on the rights granted by the FMLA but which circumvents and conflicts with the enforcement provisions and remedies set forth in the FMLA. The savings clause permits the former; it does not save the latter.

<u>Cavin</u>, 138 F. Supp. 2d 987, 993.

The plaintiff also cites <u>Bellido-Sullivan v. Am. Int'l Grp., Inc.</u>, 123 F. Supp. 2d 161 (S.D.N.Y. 2000), to contend that the FMLA "is not meant to preempt state law." <u>Id.</u> at 165. <u>Bellido</u>, however, concerns the FMLA's preclusive effect on an action's removal to federal court. <u>Id.</u> at 163-64. In fact, <u>Bellido</u> concedes that precedent exists for "the FMLA [to] preclude a state common law claim" when "a plaintiff has pleaded claims under both the FMLA and state common law . . . ." <u>Id.</u> at 167 n.6.

Here, the plaintiff claims she was wrongfully discharged because the defendant terminated her employment after she requested FMLA leave. See Compl. ¶¶ 15, 34-35, 41-44. Thus,

11

since the plaintiff's wrongful discharge claim is based solely on the defendant's alleged violation of the FMLA, the claim is dismissed.

## Conclusion

For the reasons set forth above, the defendant's partial motion to dismiss, doc. no. 4, is granted as to Count IV, and denied as to Counts II and III.

SO ORDERED.

_____
Andrea K. Johnstone
United States Magistrate Judge

January 12, 2016

cc: Benjamin T. King, Esq.
W. Daniel Deane, Esq.
Kevin M. Fitzgerald, Esq.